**MEMORANDUM IN OPPOSITION**

MOUNT VERNON FIRE INSURANCE )
COMPANY )
)
      Plaintiff, )
) Civil Action No.: 3:09-cv-817
)
)
v. )
)
V. CASSEL ADAMSON, JR., )
and )
HAROLD O. MARTIN, )
)
      Defendants. )

## DEFENDANT V. CASSEL ADAMSON, JR.'S MEMORANDUM IN OPPOSITION TO MOUNT VERNON FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Defendant V. Cassel Adamson, Jr., hereafter called Adamson, submits the following Memorandum in opposition to the Motion for Summary Judgment filed by Mount Vernon Fire Insurance Company, hereafter called "Mount Vernon".

### INTRODUCTION

Adamson was served with a Complaint by Harold O. Martin filed in the Circuit Court of Henrico County and timely delivered the Complaint to Mount Vernon seeking indemnification

and providing a defense. The representative of Mount Vernon indicated that it would have to study the policy language, the theories used and relief sought in the Complaint and agreed to get back with Adamson with its position. Mount Vernon's representative after studying the situation contacted Adamson expressed reservation about whether indemnification was available citing a mold exclusion clause in the policy but agreed to provide Adamson a defense to the complaint with the comment that the complaint was so broadly drawn that there might be coverage beyond defense. Mount Vernon selected an attorney of its choosing, filed responsive pleadings and undertook the defense responsibilities. Thereafter after undertaking the defense Mount Vernon sent Adamson a letter which appeared to be a form letter reservation of rights which was broadly worded addressing indemnification and defense obligations. As the underlying complaint proceeded in state court, Mount Vernon filed a complaint in Federal Court seeking a determination that it had no responsibility to indemnity or defend Adamson in the underlying Complaint citing policy exclusions. A demurrer was filed on behalf of Adamson in Henrico and all counts survived in an amended complaint. The theories for recovery and relief did not change.

In the last 30 days without contacting Adamson or providing any explanation Mount Vernon substituted another counsel for his defense, again using someone selected solely by Mount Vernon. The underlying Henrico complaint is set for trial in November 2010 with new counsel requesting continuance as a condition of representation which is opposed by plaintiff's counsel. Until the Henrico court acts on the continuance request time is passing. Mount Vernon thereafter filed this Motion for Summary Judgment or Motion for Partial Summary Judgment which is now before the court and Adamson opposes the motion.

Adamson alleges there are substantial defenses to the plaintiff's claim including his lack of being a tenant or even a permitted occupant, his pre-existing alcoholism and drug addiction, the untruth of his allegations and affirmative defenses that he caused any problem he had by keeping his full sized birds loose in the apartment, his unhealthy lifestyle and his conducting an alcohol manufacturing operation which was crudely organized and created an unhealthy environment in the apartment which contributed to any health problems he suffered.

## APPLICABLE LAW

Adamson agrees that Virginia law applies.

## ARGUMENT

Summary judgment is appropriate where pleadings, depositions, answers to interrogatories and admissions on file together with any affidavits show there is no genuine issue as to any material fact or law and that the moving party is entitled to relief (FED. R. CIV. P. 56:C). A genuine factual dispute requires evidence that a reasonable jury could return a verdict for the non-moving party and that the fact is material if it might affect the outcome of a suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Anderson is also cited that all reasonable inferences ought to be drawn in favor of the party opposing summary judgment and requires the non-moving party to come forward with specific facts showing there is a genuine issue for trial, Anderson, 477. U.S. & 248, 250.

Adamson argues the underlying complaint is so broadly worded as to possibly include indemnification. Adamson alleges the simple mold exclusion clause may not be sufficient for Mount Vernon to completely avoid indemnification on the many theories of the underlying

3

Complaint and any instructions to a jury which will not happen until trial. Any question concerning the insurer's duty to defend under an insurance policy must be construed liberally in favor of an insured where there is any question about an insurers obligation. Thackett v. Am. Motorists Ins. Co. 213 W. VA 524, 584 S. E. 2D 158 (2003); Moore v. CNA Ins. Co. 215 W. VA. 286, 599 S. E. 2D 709 (2004). There is a duty of reasonable investigation placed on insurer in ascertaining its reason to defend or not defend. Healthcare & Retirement Corp. of Am. v. St. Paul Fire & Marine Ins. Co., 621 F. Supp. 155 (S.D. W. VA. 1985). With the great latitude with which pleadings are construed today, the wide ranging allegations in pleadings and amendments thereto Adamson argues any decision on indemnification is premature and should not be made until after the trial and the grounds for any recovery are determined. See Donnelly v. Transport Insurance Co. 589 F 2D 761 (4th cir. 1978).

The obligation of Mount Vernon to provide a defense differs from its obligation for indemnification. In the present situation Mount Vernon had the complaint and policy in hand, expressed concern about indemnification but agreed to provide a defense. The insurer has no duty to defend a suit in which, under the terms of the policy, it has no interest Ocean Accident & Guaranty Corp. v. Washington Brick, etc. Co., 148 VA. 829, 139 S.E. 513 (1927). The insurer's obligation to defend is broader than its obligation to pay Brenner v. Lawyers Title Ins. Corp. 240 VA. 185, 397 S.E. 2D 100 (1990). . Courts interpreting insurance policies have consistently construed the duty to defend as being broader than the duty to indemnify. Morrow Corp. v. Haleysville Mutual Insurance Co. 101 F Supp. 2D T22 (E.D. VA 2000) The reasons for this are explained as First a duty to defend is usually determined from the pleadings of a case and whether there is a duty to pay a judgment or indemnify an insured who has paid usually cannot be determined until the evidence has been heard, second with the great latitude with which

4

pleadings are construed today and the great latitude of amendment, an insured's right to a defense should not be foreclosed unless such a result is inescapably necessary, third if part of plantiff's claims against an insured falls within coverage of a policy and part does not, the company should defend against all claims, although it might be eventually required to pay only some claims. (see Donnelly).

In the present marketplace for insurance, the policy is prepared by the insurance carrier, is many pages long with fine print and most importantly not available until several weeks after the premium is paid and coverage begins. Determining what is covered in an insurance policy is difficult and the policy in this instance provides broad statements of coverage and then excludes items of coverage elsewhere which would otherwise be included. Adamson alleges the policy is ambiguous, was prepared by Mount Vernon and should be liberally construed in favor of Adamson and exclusions strictly construed against Mount Vernon. (See Donnelly). Adamson also argues there is an equitable element in providing a defense. Mount Vernon had a choice when presented with the original claim to accept responsibility for indemnification and provide a defense, reserve rights on indemnification and provide a defense or to deny coverage and defense. Mount Vernon chose to reserve rights on indemnification but to provide a defense and then filed suit to deny the defense cost after undertaking the defense. This puts Adamson at a disadvantage in dealing with the underlying complaint. This is complicated further when Mount Vernon is changing attorneys. This puts Adamson in the position of having to negotiate financial terms with the attorney provided by Mount Vernon or having to make yet another change of representation. Once Mount Vernon agreed to provide a defense it should not be permitted to stop the defense when the facts have not changed and whatever reason Mount Vernon wanted to

5

change attorneys was never disclosed to Adamson. Adamson represents there was no difference in opinion between either Mount Vernon provided attorney and himself.

## CONCLUSION

Adamson requests the court delay any ruling on indemnification until such time as the underlying case is tried and any theory of recovery determined. Adamson further requests the court to order the continued defense of Adamson until the conclusion of the trial.

_____
V. Cassel Adamson, Jr.
6510 Three Chopt Road
Richmond, VA 23226-3119
Tel: (804) 288-8951

## **CERTIFICATE OF SERVICE**

This is to certify a copy of the foregoing memorandum in opposition to the memorandum supporting summary judgment was mailed this 6th day of August, 2010 to:

>Elizabeth S. Skilling, Esq.
>Carson Johnson
>Counsel for Mount Vernon Fire Insurance
>P. O. Box 70280
>Richmond, VA 23255

>_____
>V. Cassel Adamson, Jr.