IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Civil Action No.: 3:09-cv-817 ) |
| V. CASSEL ADAMSON, JR., and HAROLD O. MARTIN, | ) ) ) ) ) |
| Defendants. | ) |

**MOUNT VERNON FIRE INSURANCE COMPANY'S
RESPONSE TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Mount Vernon Fire Insurance Company ("Mount Vernon"), by counsel, hereby submits the following Response to V. Cassel Adamson's ("Adamson") Memorandum in Opposition to Mount Vernon's Motion for Summary Judgment.

**INTRODUCTION**

Adamson's Memorandum in Opposition to Mount Vernon's Motion for Summary Judgment ("Opposition") fails to assert a single fact, argument, or case against the application of the absolute pollution exclusion to bar coverage for the claims alleged in the Underlying Action. Adamson does not identify any material facts in dispute, nor does he respond to Mount Vernon's argument that there is no coverage for the claims seeking equitable relief and that there is no duty to indemnify him for punitive damages.[1] In fact, Adamson fails to respond to any of Mount Vernon's substantive arguments in support of its Motion for Summary Judgment. Rather, Adamson's Opposition contains citations to

---

[1] Because Adamson's Opposition is devoid of any argument regarding the lack of coverage for Martin's claims for equitable relief and punitive damages, Mount Vernon assumes that Adamson concedes those points and that no additional briefing on those issues is necessary.

general insurance law principles from Virginia and elsewhere and reference to irrelevant facts without any citations to the record or supporting Affidavits. The Opposition also improperly requests that this Court turn to principles of "equity" to order a continuation of the defense in the Underlying Action. There is no basis in Virginia law or in the facts to support such a request. Mount Vernon is, therefore, entitled to judgment as a matter of law.

**ARGUMENT**

  A.  **There are no material facts in dispute.**

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in opposition to the motion. Federal Rule of Civil Procedure ("FRCP") 56(e)(2). In order to defeat summary judgment, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Id.*; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-250 (1986). Adamson does not identify any disputed facts in his Opposition, and he does not cite to any affidavits, pleadings, discovery or other materials in support of his contentions. Adamson also fails to comply with Rule 56 of the United States District Court Rules for the Eastern District of Virginia, which requires that his Opposition brief include a section listing all material facts as to which he contends that there exists a genuine issue necessary to be litigated, citing to the parts of the record relied on to support those facts.

In contravention of FRCP 56 and this Court's local rules, Adamson improperly relies on unsupported statements and allegations in opposition to Mount Vernon's Motion for Summary Judgment. Because Mount Vernon has demonstrated that summary

judgment is appropriate and there are no material facts in dispute, this Court should enter summary judgment in favor of Mount Vernon.  *See* FRCP 56(e)(2).

### B. The Absolute Pollution Exclusion Unambiguously Bars Coverage.

As set forth in Mount Vernon's opening brief, Harold Martin filed a lawsuit against Adamson alleging that mold in his apartment caused him to suffer bodily injury and property damage.  There is no coverage under the Mount Vernon Policy for Martin's claims against Adamson because the Policy contains an absolute exclusion for bodily injury and property damage claims arising out of mold exposure.

Adamson fails to respond to Mount Vernon's argument that the pollution exclusion bars coverage for the underlying claims, except for a statement that the underlying complaint is "broadly worded" and "the simple mold exclusion clause may not be sufficient for Mount Vernon to completely avoid indemnification on the many theories of the underlying complaint."  Opposition p. 3-4.  Adamson does not state why the mold exclusion "may not" bar coverage, nor does he point to any facts or theories alleged in the Underlying Action that implicate coverage.  He fails to cite to a single case in support of his bald assertions.  He also neglects to explain how or why the "broadly worded" complaint triggers a duty to defend or indemnify.

Virginia courts apply the "Eight Corners Rule," whereby the courts compare "the four corners of the insurance policy against the four corners of the underlying complaint to determine if any allegations may be potentially covered."  *CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009).  An insurer is relieved of its duty to defend "when it clearly appears from the initial pleading the insurer would not be liable under the policy."  *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302

S.E.2d 529, 531 (1983); *see also Penn-America Ins. Co. v. Coffey*, 368 F.2d 409, 413 (4th Cir. 2004) (there is no coverage unless "the complaint against the insured alleges facts and circumstances, some of which, if proved, would fall within the risk covered by the Policy.")

Adamson characterizes the Underlying Complaint as "broadly worded" and implies that a broadly worded complaint, standing alone, and without reference to the insurance contract provisions, is enough to trigger coverage. Adamson's position, however, ignores the reality here that ***all*** of the claims and allegations in the Underlying Action allege bodily injury and property damage arising out of Martin's alleged exposure to mold. Although Adamson mentions in passing that he believes the Mount Vernon policy is ambiguous, he fails to articulate any ambiguity in the policy language to support such an argument. *See* Opposition p. 5. Adamson's attempts to inject ambiguity into the Mount Vernon policy where none exists should be rejected. The plain language of the Endorsement to the Mount Vernon Policy clearly and unambiguously excludes coverage for claims resulting from "organic pathogens," including "mold." Accordingly, the mold exclusion bars coverage for all of Martin's claims against Adamson, and Mount Vernon owes no duty to defend or indemnify Adamson in the Underlying Action.

   C. **Mount Vernon's Declaratory Judgment Action is Proper and Ripe for Adjudication With Regard to the Duty to Defend and Indemnify.**

Adamson asserts a novel argument that Mount Vernon's provision of a defense under a reservation of rights in the Underlying Action now prevents it from seeking a declaration of no coverage with respect to the duty to defend. In essence, Adamson argues that an insurer which takes the prudent course of providing a defense under a reservation of rights while pursuing a declaratory judgment action, rather than denying

4

coverage outright, must continue providing a defense until the close of the underlying litigation, regardless of the result in the declaratory judgment action. Such a position is completely unsupported by Virginia law and the facts of this case.

After Mount Vernon received notice of the lawsuit against Adamson, a Mount Vernon claims representative discussed with Adamson that coverage for the claims in the Underlying Action under the Mount Vernon Policy was doubtful. *See* Affidavit of Richard Sutton, attached as Exhibit A. The claims representative informed Adamson that Mount Vernon would retain counsel to defend him in the Underlying Action under a reservation of rights while it continued to investigate coverage. *Id.* Mount Vernon also sent to Adamson a Reservation of Rights letter detailing the relevant policy provisions that may bar coverage and stating that Mount Vernon would provide him with a defense subject to a full and complete reservation of rights. *See* Reservation of Rights Letter, attached to Affidavit at Exhibit A. Adamson admits that the Mount Vernon claims representative "expressed reservation" regarding coverage. Opposition p. 2. He also admits that he received the Reservation of Rights letter, and that the letter addressed "indemnification and defense obligations." *Id.*

Adamson further contends that he is "at a disadvantage in dealing with the underlying complaint" because Mount Vernon provided a defense pursuant to a reservation of rights. Opposition p. 5. However, Adamson fails to state how he is disadvantaged or why that should impact the coverage determination.[2] It should also be noted that Adamson knew that he had the right to retain his own counsel. Exhibit A. Moreover, Mount Vernon has now retained the very law firm that Adamson asked Mount

---

[2] In fact, Adamson states that he did not have a "difference in opinion" as to whether Mount Vernon provided the attorney or he retained his own counsel, which is directly contrary to his argument that Mount Vernon should continue to provide him with a defense. Opposition p. 6.

5

Vernon to retain to defend him in the underlying case. *Id.*

Incredibly, Adamson now appears to contend that because Mount Vernon has provided him with a defense pursuant to a reservation of rights that Mount Vernon is now prohibited from pursuing its coverage defenses in this Declaratory Judgment Action and extracting itself from the defense in the Underlying Action. Such a position is absurd. Here, Mount Vernon chose the commendable path of paying for Adamson's defense costs while it pursued a Declaratory Judgment Action, rather than denying coverage outright and waiting to be sued. *See, e.g.*, *Great American Ins. Co. v. Gross*, 468 F.3d 199, 212 (4th Cir. 2006). Virginia law clearly allows an insurer to take such a route. Adopting Adamson's position that once the insurer undertakes the defense of a claim under a reservation of rights, it must defend the insured through any trial of the underlying case even after the insurer obtains a declaration of no coverage would discourage insurers from providing a defense subject to a reservation of rights and instead would encourage insurers to deny claims for which the coverage is questionable from the outset, leaving the insured to fend for himself.

The facts in the record clearly establish that Mount Vernon questioned coverage from its initial notice of the claim and fully and properly reserved its rights and defenses under the Policy. Adamson knew from the outset that coverage under the Mount Vernon Policy was doubtful. It is disingenuous for him to suggest here that principles of equity should operate to create a continuing duty to defend where none exists. Because there is no duty to defend *or* indemnify Adamson for the claims asserted against him, Mount Vernon is entitled to judgment in its favor.

6

**D.     This Court Should Not Delay A Decision on the Duty to Indemnify.**

Adamson concludes his Opposition with a request that the Court "delay any ruling on indemnification until such time as the underlying case is tried and any theory of recovery determined."[3] Opposition p. 6. However, he cites no case or statutory authority in support of his request. Indeed, this coverage dispute is ripe for legal determination, as none of the claimed damages, facts or legal theories alleged could lead to coverage.

A district court has jurisdiction, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), to determine the scope of insurance coverage concerning an ongoing dispute in state court. *See Penn America Ins. Co. v. Coffey, supra*, at 412. A declaratory judgment is appropriate when it would "serve a useful purpose in clarifying and settling the legal relations in issue, and…terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937). This declaratory judgment action serves such a purpose.

Moreover, a delay or stay of the coverage determination is not warranted because there is no set of facts that could lead to coverage under the Mount Vernon Policy. As discussed above, this Court will apply the Eight Corners Rule and determine whether there is a duty to defend or indemnify "by examining what is *alleged* in the underlying suit." *Markel American Ins. Co. v. Staples,* No. 3:09cv435, slip op. p. 5, (E.D.Va., Oct. 7, 2009), attached as Exhibit B. "Waiting for the [state court] to resolve the underlying suit would serve no purpose in this analysis." *Id*. Accordingly, there should be no delay in determining whether the Policy provides coverage for the claims against Adamson.

---

[3] Adamson has not filed a Motion to Stay. Adamson's Opposition contains his first request for such relief.

## **CONCLUSION**

Adamson provides no coherent argument, legal or factual support for denying Mount Vernon's Motion for Summary Judgment. Mount Vernon respectfully requests that this Court issue a declaration that it owes no duty to defend or indemnify V. Cassel Adamson for the Underlying Action and enter summary judgment in its favor.

Dated: August 17, 2010                           Respectfully submitted,

                                                    /s/
Elizabeth S. Skilling, Esq.
VSB No. 28063
Carson W. Johnson, Esq.
VSB No. 66047
Counsel for Mount Vernon Fire Insurance Company
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, VA 23255
Phone: (804) 747-5200
Fax: (804) 747-6085
Email: eskilling@hccw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 17th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

V. Cassel Adamson, Jr.
6510 Three Chopt Road
Richmond, VA 23226

  A courtesy copy was also mailed this 17th day of August, 2010, to:

V. Cassel Adamson, Jr.
6510 Three Chopt Road
Richmond, VA 23226

             /s/
             Elizabeth S. Skilling, Esq.
             VSB No. 28063
             Carson W. Johnson, Esq.
             VSB No. 66047
             Counsel for Mount Vernon Fire Insurance Company
             Harman, Claytor, Corrigan & Wellman, P.C.
             P.O. Box 70280
             Richmond, VA 23255
             Phone: (804) 747-5200
             Fax: (804) 747-6085
             Email: eskilling@hccw.com