IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Division

MOUNT VERNON FIRE INSURANCE
COMPANY,

  Plaintiff,

v.                                          Case No. 3:09-cv-817

V. CASSEL ADAMSON, JR.,

  Defendants.

## JOINT STIPULATION OF FACTS

Plaintiff, Mount Vernon Fire Insurance Company ("Mount Vernon"), by counsel, and Defendant, V. Cassel Adamson, submit the following Joint Stipulation of Facts:

1. Harold O. Martin filed an action in the Circuit Court for Henrico County against V. Cassel Adamson styled *Harold O. Martin v. V. Cassel Adamson, Jr., t/a Pocoshock Ridge Apartments*, Case No.: CL09002700-00, asserting that he has suffered bodily injury and property damage as a result of mold in his apartment (the "Underlying Action").

2. The Amended Complaint in the Underlying Action contains five Counts alleging bodily injury and property damage arising from mold exposure: Violation of the Virginia Residential Landlord Tenant Act (Count I); Negligence (Count II); Negligence *Per Se* Virginia Residential Landlord and Tenant Act (Count III); Negligence *Per Se* Virginia Building Code (Count IV); and Fraud (Count V).

3. Martin's Amended Complaint demands compensatory damages in the amount of $1,900,000, punitive damages in the amount of $350,000, and injunctive relief.

4. Martin also filed a separate Motion for Injunctive Relief.

1

5. In the Underlying Action, Martin alleges that Adamson was both an owner and a landlord of Pocoshock Apartments.

6. Martin alleges that he resided at 5568 North Handel Court in Pocoshock Apartments with only minor interruption from 2003 until October 5, 2009.

7. Martin alleges that his mother signed the original lease agreement in 2001 for the unit at 5568 North Handel Court.

8. Martin alleges that he observed mold growth in the apartment in February 2008 and notified Adamson's employee.

9. Martin alleges that within that same timeframe a leaking HVAC unit caused further water and mold problems in the apartment. He alleges that Adamson was on notice of these issues, and he alleges that Adamson's agents acted to remediate the issues.

10. Martin alleges that Adamson's agents represented that the wet spot "would dry up and be all right," and he further alleges that an observed discoloration was actually "dirt."

11. Throughout the Complaint in the Underlying Action, Martin alleges that Adamson failed to maintain a fit premises in that he allegedly allowed conditions of excessive moisture to exist, allegedly leading to unremedied and excessive growth of mold in the apartment unit at issue, and that Adamson allegedly failed to adequately remediate these conditions.

12. All of Martin's alleged injuries and damages are alleged to have arisen from the mold.

13. Martin alleges that in October 2008 he began to experience "unfamiliar illness and pain," and he alleges that in January 2009 his symptoms became worse.

14. Martin alleges that he was diagnosed with pulmonary fibrosis in the summer of 2009 allegedly due to the mold in the apartment unit.

15. The Amended Complaint alleges that Adamson's alleged conduct related to the mold contamination was negligent, breached the Virginia Residential Landlord and Tenant Act ("VRLTA"), and violated the Virginia Building Code.

16. Martin further alleges that Adamson's conduct in connection with the alleged mold remediation efforts and the alleged 2008 lease agreement constituted fraud.

17. The Amended Complaint contains a "Request for Punitive Instruction Against Defendant V. Cassel Adamson, Jr.," which alleges that all of the allegations in the Underlying Action "reflect deliberate, reckless, willful and wanton behavior showing reckless abandon and carelessness with respect to the health and well-being of Plaintiff."

18. Martin alleges that Adamson's actions allegedly "constitute acts of willful behavior that shock the conscious of the court." Martin, therefore, requests a jury instruction for punitive damages.

19. Adamson denies all claims asserted by Martin in the Underlying Action. Adamson alleges that Martin's alleged injuries were preexisting and that Martin's own actions contributed to his alleged injuries or problems.

20. Mount Vernon issued Adamson a Commercial General Liability Insurance Policy, effective February 14, 2006 to February 14, 2007, Policy No. CL2307870.

21. The Policy was renewed for two, subsequent one-year terms.

22. On October 19, 2009, Mount Vernon received notice of the Complaint filed by Martin against Adamson in the Circuit Court for Henrico County.

23. After receiving notice of the Complaint, a Mount Vernon representative, Richard Sutton, called Adamson to acknowledge receipt of the Complaint and informed him that Mount Vernon would investigate coverage and get back to him with its position.

24. Sutton also notified Adamson that Mount Vernon had retained counsel to defend him in the Underlying Action under a reservation of rights. Adamson suggested that Mount Vernon retain Sands, Anderson, Marks & Miller to represent him.

25. Mount Vernon retained William F. Karn, Esq., to defend Adamson in the Underlying Action under a reservation of rights.

26. Mount Vernon's Reservation of Rights letter informed Adamson that Mount Vernon was continuing its investigation into coverage under the referenced policies. The letter expressly reserved the right to petition a court for a determination that there is no insurance coverage or other obligation owed to him under the Mount Vernon policies. The letter further explained that Mount Vernon would provide a defense pursuant to a full and complete reservation of rights. Finally, the letter notified him of his right to retain defense counsel at his own expense.

Dated: September 23, 2010

                                                    **MOUNT VERNON FIRE INSURANCE COMPANY**
                                                    By Counsel

/s/
Elizabeth S. Skilling
VSB No. 28063
Attorney for Mount Vernon Fire Insurance Company
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
eskilling@hccw.com

**C E R T I F I C A T E**

I hereby certify that on the 23rd day of September, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> V. Cassel Adamson, Jr.
> 6510 Three Chopt Rd.
> Richmond, VA 23226

and I hereby certify that I have mailed by United States Postal Service the document to the following:

> V. Cassel Adamson, Jr.
> 6510 Three Chopt Rd.
> Richmond, VA 23226

/s/
Elizabeth S. Skilling
VSB No. 28063
Attorney for Mount Vernon Fire Insurance Company
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
eskilling@hccw.com